THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO NOVA, Appellant. [779 NYS2d 191]—

Judgment, Supreme Court, New York County (Dorothy Cropper, J., at *Sandoval* hearing; Arlene Silverman, J., at jury trial and sentence), rendered March 5, 2002, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the complainant's background and possible motives to falsify, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The court's *Sandoval* ruling, permitting inquiry into defendant's attempted robbery conviction and its underlying facts, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The prior conviction, whose underlying facts were not similar to the instant charge, was highly relevant to defendant's credibility and its probative value outweighed its prejudicial effect.

The evidentiary rulings challenged by defendant on appeal were proper exercises of discretion that did not impair defendant's rights to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Defendant received ample latitude to attack the complainant's credibility and to develop his alleged motive to falsely accuse defendant of robbery.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Friedman, JJ.